## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PATRICK H. HANNIGAN,
Appellant,

v.

DEPARTMENT OF THE AIR FORCE,
Agency.

DOCKET NUMBERS
SF-0752-22-0089-X-1
SF-0752-22-0089-C-3

DATE:  April 30, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andrew J. Perlmutter, Esquire, Silver Spring, Maryland, for the appellant.

Elbridge Wright Smith, Esquire, Honolulu, Hawaii, for the appellant.

Emma Kinstedt, Esquire, Jeffrey Baldridge, Esquire, Kathryn Price, and Justin Strong, Esquire, El Segundo, California, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

In a September 13, 2024 Order, the Board affirmed, as modified, a November 14, 2023 compliance initial decision that found the agency in noncompliance with a settlement agreement that had been accepted into the record for enforcement by the Board in the appellant's underlying removal appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

*Hannigan v. Department of the Air Force*, MSPB Docket No. SF-0752-22-0089-C-3, Order (Sept. 13, 2026); *Hannigan v. Department of the Air Force*, MSPB Docket No. SF-0752-22-0089-C-3, Compliance Petition for Review (CPFR) File, Tab 5; *Hannigan v. Department of the Air Force*, MSPB Docket No. SF-0752-22-0089-C-3, Compliance File, Tab 6, Compliance Initial Decision (CID); *Hannigan v. Department of the Air Force*, MSPB Docket No. SF-0752-22-0089-I-1, Initial Appeal File (IAF), Tab 19, Initial Decision (ID). For the reasons discussed below, we now FIND the agency in compliance and DISMISS the appellant's petition for enforcement and the agency's compliance petition for review.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

During the pendency of the appellant's removal appeal, the parties entered into a settlement agreement providing, in relevant part, that, in exchange for the appellant's agreement to retire no later than March 31, 2022, the agency would reinstate the appellant, effective March 27, 2020, process his back pay and benefits from the date of his March 27, 2020 removal through his March 31, 2022 retirement, and expunge records related to his removal from its records. IAF, Tab 18. Following execution of the settlement agreement, the administrative judge issued an initial decision accepting the settlement agreement into the record for enforcement by the Board and dismissing the removal appeal as settled. ID at 1-2.

On October 17, 2022, the appellant filed a petition for enforcement with the Board asserting that the agency had not complied with the settlement agreement. *Hannigan v. Department of the Air Force*, MSPB Docket No. SF-0752-22-0089-C-1, Compliance File, Tab 1. After dismissing the appeal twice without prejudice to allow the agency time to comply with the agreement, on November 14, 2023, the administrative judge issued a compliance initial decision finding the agency in noncompliance regarding the payment of backpay and the issuance and expunging of personnel documents. CID at 4-6.

After the agency petitioned for review of the compliance initial decision, on September 13, 2024, the Board issued an Order finding that, although the agency had established compliance with some of its settlement agreement obligations, it still had not established compliance regarding its obligations to: (1) process forms related to the appellant's reinstatement; and (2) expunge the appellant's removal and reinstatement from the appellant's records. CPFR File, Tab 5. Given that outstanding issues of compliance remained, the Board referred the appellant's petition for enforcement to its Office of General Counsel to obtain compliance. *Hannigan v. Department of the Air Force*, MSPB Docket No. SF-0752-22-0089-X-1, Compliance Referral File (CRF), Tab 1.

On November 13, 2024, the agency filed a statement of compliance in which it provided evidence that it had processed the appellant's reinstatement by clarifying via an affidavit from a Records Management Program Officer explaining that, although the agency does not issue a separate Standard Form 50 (SF-50) reinstating an employee after being removed, it processed a Cancellation SF-50 regarding the appellant's removal, which functions as the reinstatement. CRF, Tab 2 at 5-8. The agency further provided a copy of the appellant's electronic official personnel file (eOPF), which it asserted did not contain a copy of the appellant's March 27, 2020 removal or the cancellation SF-50 that served to reinstate him. *Id.* at 5; CRF, Tabs 3-4. In response, the appellant did not contest the processing of the reinstatement SF-50, but identified two documents in his eOPF, which he argued contained references to his removal in violation of the settlement agreement. CRF, Tab 5. On March 21, 2025, the Board ordered the agency to respond to the appellant's contention that these two documents should have been expunged. CRF, Tab 6.

On March 28, 2025, the agency filed a response in which it asserted that one of the appellant's identified references to his removal in his certified summary of Federal service actually pertained to a 2008 removal, not to the appellant's March 27, 2020 removal, and therefore was not covered by the terms of the

settlement agreement. CRF, Tab 7 at 4-5. Regarding the second document, another certified summary of benefits, the agency contended that the document was not covered by the settlement agreement, but that notwithstanding such an argument, the agency had preemptively expunged the document. *Id.* at 5-6.

## ANALYSIS

A settlement agreement is a contract and, as such, will be enforced in accordance with contract law. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Id.* When the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance. *Id.* The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence. *Id.*

The sole remaining compliance issue is whether two certified summaries of Federal service should be expunged from the appellant's eOPF. CRF, Tab 3 at 16, 19, Tab 5 at 4. The first contains a reference to the appellant's March 27, 2020 removal. CRF, Tab 3 at 16. However, the second does not.[2] CRF, Tab 3 at 19. Rather, the second certified summary references a December 3, 2008 removal that is not relevant to the terms of the settlement agreement. *Id.* In its response, the agency asserts that the settlement agreement does not require that it expunge the March 27, 2020 removal reference from the certified summary of benefits at issue because this document was not included in the settlement terms, the certified summary is a document required to be contained in the appellant's

---

[2] In his April 4, 2025 response to the agency's March 28, 2025 evidence of compliance, the appellant does not dispute the agency's assertion, with which we agree, that only one of the certified summaries contained a reference to the March 27, 2020 removal. CRF, Tab 7 at 6, Tab 10.

eOPF, and it was "promulgated by the appellant at the processing of his retirement." CRF, Tab 7 at 5-6.

The agency's arguments related to the first document are unpersuasive.[3] An agreement to expunge a personnel action implicitly includes an agreement to remove, not only the SF-50, but also any record of that personnel action. *See, e.g., Kitt v. Department of the Navy*, 116 M.S.P.R. 680, 684 (2011) ("[W]e hold that when the agency agreed to 'change' the nature of action on the SF–50 from a removal to a suspension, and provided no express language permitting other disclosures of the removal, it was agreeing to remove any record of the appellant's removal."). Notwithstanding the agency's argument that the certified summary of benefits "is a form promulgated by the appellant at the processing of his retirement," CRF, Tab 7 at 6, the form itself explains that the "employing office will complete and certify this form" and is signed by an agency human resources specialist, CRF, Tab 3 at 16-17. Moreover, the agency agreed, under paragraph 2a of the settlement agreement, to assist with expunging records after the appellant's eOPF was transferred to the National Personnel Records Center. IAF, Tab 18 at 4. For these reasons, we find that the agency was required to expunge the reference to the appellant's March 27, 2020 removal because the agency agreed to reinstate him and allow him to retire, and the appellant is entitled to receive the benefit of his bargain that his eOPF reflect as much.

---

[3] To the extent the agency argues that nowhere in the Board's September 13, 2024 Order did the Board rule that the agency was required to expunge the certified summary of benefits referencing the removal, CRF, Tab 7 at 5, the agency did not provide copies of the appellant's eOPF until November 13, 2024, after the Board issued its order finding noncompliance and referring the case to the Board's Office of General Counsel to obtain compliance, CRF, Tabs 1-4. Nonetheless, the Board's September 13, 2024 Order held that the agency's view that it was not responsible for providing evidence of compliance because it was not in possession of the appellant's eOPF was mistaken, and generally found that the agency's obligations under the settlement agreement were broader than merely expunging the removal and reinstatement SF-50s from its records. CPFR, Tab 5 at 9-11.

However, notwithstanding its disagreement concerning the applicability of terms of the settlement agreement, the agency has presented evidence that it has expunged the certified summary containing a reference to the March 27, 2020 removal contained at page 16 of Tab 3 from the appellant's eOPF.[4] *Compare*, CRF, Tab 3, *with* CRF, Tab 8. Regarding the appellant's assertion that he cannot independently verify whether the document was removed because he does not have independent access to his eOPF, CRF, Tab 10, the agency has provided a copy, which it requested from the National Archives and Records Administration on March 24, 2025. CRF, Tab 8 at 5-7, Tabs 8-9. We find this sufficient to establish compliance.

To the extent the appellant is seeking attorney fees in conjunction with his petition for enforcement, CRF, Tab 10 at 3, he must file a separate motion for attorney fees in accordance with 5 C.F.R. § 1201.201, *et seq.*

In light of the foregoing, we find the agency in compliance with its outstanding compliance obligations and dismiss the appellant's petition for enforcement and the agency's compliance petition for review. This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review

---

[4] Although the agency indicates that it has removed from the appellant's eOPF the certified summary of federal service at page 19 of Tab 3, CRF, Tab 7 at 6, it appears to have inadvertently cited page 19, which does not include a reference to the appellant's March 27, 2020 removal, instead of page 16, which does contain a reference to the removal at issue. Nonetheless, the updated eOPF reflects that the proper certified summary from page 16 of Tab 3 was removed. CRF, Tab 8.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u>

this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the

review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.